**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| PERKUMPULAN INVESTOR CRISIS CENTER DRESSEL - WBG, | No. 12-35778 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01786-JCC |
| v. | MEMORANDUM[*] |
| DANNY M.K. WONG, also known as Wong Man Kee; et al., | |
| Defendants, | |
| and | |
| FRANK HO, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted October 11, 2013[**]
Seattle, Washington

Before: TASHIMA, GRABER, and MURGUIA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Plaintiff, Perkumpulan Investor Crisis Center Dressel-WBG, appeals the district court's dismissal, for lack of personal jurisdiction, of the action against Defendant Frank Ho. We have jurisdiction over Ho's appeal because the district court directed the entry of a separate, final judgment against Ho under Federal Rule of Civil Procedure 54(b). Reviewing de novo, Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004), we affirm.

1. Because it does not affect the outcome, we assume that Plaintiff's submissions—before the district court and on appeal—are admissible and properly before us, and we disregard Ho's declarations.

2. The district court correctly held that Plaintiff failed to establish personal jurisdiction over Ho because he does not have constitutionally sufficient "minimum contacts" with Washington. Id. at 801. In particular, Plaintiff has not made a prima facie showing that Ho "expressly aimed" his conduct at Washington. Wash. Shoe Co. v. A-Z Sporting Goods Inc., 704 F.3d 668, 673 (9th Cir. 2012) (citing Calder v. Jones, 465 U.S. 783 (1984)). Although Ho may have received reports about the activities of Dressel Investment Ltd. and he may have participated in some decision-making, his participation did not rise to the level of the "guiding spirit" or "alter ego" of Dressel. See, e.g., RSL-3B-IL, Ltd. v. Symetra Life Ins. Co. (In re Rapid Settlements, Ltd.), 271 P.3d 925, 931 (Wash.

2

Ct. App. 2012) (holding that one company was the alter ego of another where, among other things, "the ownership of both entities has been held out to third parties as identical with an identical place of business").  Nor do Plaintiff's allegations of fraud automatically pierce the corporate veil.  See Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd., 328 F.3d 1122, 1134–35 (9th Cir. 2003) (requiring showings of "unity of interest and ownership . . . and . . . fraud" (emphasis added) (internal quotation marks omitted)); In re Rapid Settlements, 271 P.3d at 931 (inquiring into unity of interest).  Finally, any alleged partnership between Ho and Danny Wong is irrelevant because, under Washington law, Wong acted as an agent of the partnership, but not an agent of each partner.  See Wash. Rev. Code § 25.05.100(1) ("Each partner is an agent of the partnership . . . ."); Sher v. Johnson, 911 F.2d 1357, 1366 (9th Cir. 1990) (holding that, in states with statutes identical in all relevant respects to Wash. Rev. Code § 25.05.100(1), the actions of one partner do not impute to another partner for purposes of personal jurisdiction).

3.     We reject Plaintiff's unsupported argument that Ho's allegedly false declaration requires that we exercise personal jurisdiction over him.

4.     The district court did not abuse its discretion in denying jurisdictional discovery.  Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008).  Plaintiff

3

has not made "the clearest showing that denial of discovery results in actual and substantial prejudice." Id. (internal quotation marks omitted).

**AFFIRMED.**